UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON KEITH BRIDGES,

       Petitioner,                               Case No. 2:13-CV-11084

v.

                                       HON. AVERN COHN

JOE BARRETT,

       Respondent.

_____/

**MEMORANDUM AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.  Introduction**

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Damon Keith Bridges

(Petitioner) is a state inmate at the Cooper Street Correctional Facility in Jackson,

Michigan.  Petitioner is serving a sentence of five years imprisonment for possession of

a firearm in the commission of a felony (felony-firearm), second-offense, M.C.L. §

750.227b.  Petitioner was also sentenced to probation for felon in possession of a

firearm, M.C.L. § 750.224f; and being a third felony habitual offender.  M.C.L. § 769.11.

Petitioner has filed a pro se petition for writ of habeas corpus claiming that he is

incarcerated in violation of his constitutional rights.  For the reasons which follow, the

petition will be denied.

**II.  Procedural History**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

The Michigan Court of Appeals affirmed his conviction and sentence.  People v.

Bridges, No. 301911 (Mich. Ct. App. May 24, 2012).  Petitioner filed an application for

leave to appeal to the Michigan Supreme Court, in which he raised the same claims that

he raised in his appeal of right.   The Michigan Supreme Court denied leave to appeal.

People v. Bridges, 493 Mich. 871 (2012).

    Petitioner has now filed a petition for writ of habeas corpus, raising the following

claims, phrased by petitioner as follows:

> I.  Bridges was denied his constitutional right to due process of law when he
> was convicted of felon in possession of a firearm and felony-firearm on
> insufficient evidence of the element of possession: alternatively, the
> convictions are a denial of due process as they are against the great weight
> of the evidence.

> II. Bridges did not receive the effective assistance of counsel at trial due to
> counsel's failure to object to an inapplicable jury instruction involving the key
> issue of possession, which resulted in an unjust verdict.

### III.  Facts

    The material facts leading to petitioner's conviction are recited verbatim from the

Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct

on habeas review under 28 U.S.C. § 2254(e)(1).  See Wagner v. Smith, 581 F.3d 410,

413 (6th Cir. 2009):

> On May 13, 2010, Detroit police officers received a report of several people
> in the street creating a disturbance.  It was reported that one of the
> individuals, a man in a light-colored jogging suit, was armed.  As officers
> Randall Craig and Ivan Belew arrived in the area of the disturbance, they
> saw defendant and two others, Deandre Cody and Charles Ford, walking down
> the sidewalk.  Defendant was wearing a light-colored jogging suit. Officer
> Craig saw defendant look over his shoulder and toss a dark object into a
> lawn, then continue walking.  The officers stopped the three men and while
> none of the men had any weapons on their person, Officer Belew recovered
> a firearm from the lawn where Officer Craig had seen defendant throw an
> object.  Because defendant had previously been convicted of a specified
> felony and was ineligible to possess a firearm, he was arrested and charged
> with felon in possession and felony firearm.

People v. Bridges, No. 301911, Slip. Op. at * 1.

## IV. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication
> of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved
> > an unreasonable application of, clearly established Federal
> > law, as determined by the Supreme Court of the United
> > States; or
> > (2)    resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as

3

'fairminded jurists could disagree' on the correctness of the state court's decision."
Harrington v. Richter, 131 S. Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541
U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case
for relief does not mean the state court's contrary conclusion was unreasonable." Id.
(citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to §
2254(d), "a habeas court must determine what arguments or theories supported
or...could have supported, the state court's decision; and then it must ask whether it is
possible fairminded jurists could disagree that those arguments or theories are
inconsistent with the holding in a prior decision" of the Supreme Court.  Id.

    "[I]f this standard is difficult to meet, that is because it was meant to be."
Harrington, 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), does not completely bar
federal courts from relitigating claims that have previously been rejected in the state
courts, it preserves the authority for a federal court to grant habeas relief only "in cases
where there is no possibility fairminded jurists could disagree that the state court's
decision conflicts with" the Supreme Court's precedents.  Id.  Indeed, "Section 2254(d)
reflects the view that habeas corpus is a 'guard against extreme malfunctions in the
state criminal justice systems,' not a substitute for ordinary error correction through
appeal." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J.,
concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is
inconsistent with the presumption that state courts know and follow the law."
Woodford, 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a
state prisoner is required to show that the state court's rejection of his claim "was so
lacking in justification that there was an error well understood and comprehended in

4

existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.

Ct. at 786-87.  Finally, in reviewing petitioner's claims, this Court must remember that

under the federal constitution, petitioner was "entitled to a fair trial but not a perfect

one." Lutwak v. United States, 344 U.S. 604, 619 (1953).

## V.  Discussion of Petitioner's Claims

### A.  Insufficient Evidence

Petitioner first contends that there was insufficient evidence to convict him of

possessing the firearm that was recovered on the night in question, so as to support

his convictions.

### 1.  The Law

### a.  Federal Law

It is beyond question that "the Due Process Clause protects the accused against

conviction except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged."  In Re Winship, 397 U.S. 358, 364

(1970).  The critical inquiry on review of the sufficiency of the evidence to support a

criminal conviction is, "whether the record evidence could reasonably support a finding

of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979).

This inquiry, however, does not require a court to "ask itself whether it believes that the

evidence at the trial established guilt beyond a reasonable doubt."  Instead, the

relevant question is whether, after viewing the evidence in the light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. Id. at 318-19(internal citation and footnote

omitted)(emphasis in the original).  Circumstantial evidence alone is sufficient to

support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. Johnson v. Coyle, 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the Jackson standard. Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012). Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

### b. Michigan Law

The elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. See Parker v. Renico, 506 F. 3d 444, 448 (6th Cir. 2007). The elements of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. Id. Under Michigan law, possession of a firearm can be either actual or

6

constructive. Id. (citing People v. Hill, 433 Mich. 464; 446 N.W.2d 140, 143 (1989)).

Under both federal and Michigan law, "a person has constructive possession if there is

proximity to the [weapon] together with indicia of control." Id.  "Put another way, a

defendant has constructive possession of a firearm if the location of the weapon is

known and it is reasonably accessible to the defendant." Parker, 506 F. 3d at 448, n.

3(quoting Hill, 446 N.W. at 143).  Both actual and constructive possession of a weapon

may be proven by circumstantial evidence. See e.g. U.S. v. Stafford, 721 F.3d 380,

392 (6th Cir. 2013); cert. den. ---- U.S.----; 2013 WL 4977702 (U.S. Oct 15, 2013).

## 2.  The Michigan Court of Appeals' Decision

The Michigan Court of Appeals rejected petitioner's claim that there was

insufficient evidence presented to show that he possessed the firearm that was

recovered from the crime scene, noting that his friend Deandre Cody testified at trial

that he was the person who had actually possessed the firearm.  The court of appeals

explained:

> There was sufficient evidence to convict defendant of both charges in this
> matter.  With respect to the felon in possession charge, the parties first
> stipulated that defendant had committed a previous specified felony, and on
> the date of the incident, defendant did not have the right to possess a
> weapon.  Second, there was sufficient evidence that defendant possessed
> a weapon.  Officer Randall Craig testified that there was "no question" that
> he saw defendant toss a large black object in the yard, on the night of the
> incident.  Defendant was visually distinguishable from his two companions
> the night of the incident, as they were both wearing dark clothes, whereas
> defendant was wearing a light gray jogging suit, and defendant was taller
> than the other two men.  According to Officer Craig, defendant was the
> nearest of the three men to the house and yard.
>
> Officer Ivan Belew testified that he searched the area where Officer Craig
> saw defendant toss the object and discovered a handgun.  Officer Belew
> testified that he did not see any other people or objects in the area that he
> searched.  According to Officer Craig and Officer Belew, there was
> adequate lighting for Officer Craig to positively identify defendant.  The

7

officers' testimony presented sufficient evidence for a jury to find that defendant possessed the weapon found on the lawn.

As indicated by defendant, one of defendant's companions that night, Deandre Cody, testified that he was the one who threw the gun, and there was also testimony that defendant corroborated this version of events to an investigator as well as the fact that defendant was unaware of a gun until just as the police arrived.  However, the jury determines questions of fact, and assesses the credibility of witnesses, and was thus free to disbelieve these statements.  This Court will not interfere with the jury's role of determining the credibility of witnesses.  Therefore, defendant's argument that there was evidence that he did not possess the gun is irrelevant to this appeal.

Similarly, there is sufficient evidence of the elements of felony-firearm.  First, the underlying felony for defendant's felony-firearm conviction was felon in possession.  Second, there was sufficient evidence that defendant possessed the gun while he was committing the felon in possession felony. See supra.

Bridges, Slip. Op. at * 2-3 (internal citations omitted).

### 3.  Analysis of Petitioner's Claim

There was sufficient evidence for a rational trier of fact to conclude that petitioner had been in possession of a firearm, so as to sustain his convictions for felony-firearm and felon in possession of a firearm.  Petitioner was dressed in lighter colored clothing than his two acquaintances and thus could be readily distinguishable from these two men by the police.  Officer Craig testified that there was "no question" that it was petitioner whom he witnessed discard a black object on the lawn as the police approached.  Officer Craig testified further that petitioner was the man closest to the lawn, compared to his two acquaintances.  Officer Belew subsequently recovered a firearm from the lawn where Officer Craig had observed petitioner toss the object. Under the circumstances, the evidence was sufficient to convict petitioner and the Michigan Court of Appeals' conclusion was reasonable in light of the evidence.

8

Moreover, although Deandre Cody testified that he was the man who discarded the weapon, the jury was free to reject Cody's credibility and accept the officers' version of events, particularly in light of the fact that Cody did not claim ownership of the gun to the police on the night in question.  Petitioner asks the Court to accept Cody's testimony with regards to being in possession of the firearm as being true and to reject Officer Craig's testimony that he observed petitioner throw a dark object onto the lawn and Officer Belew's testimony that he recovered a firearm from this location. It was the jury's province, however, to determine whose testimony regarding who was in possession of a firearm that evening was more credible and they chose the police officers' testimony.  The Court cannot substitute the jury's credibility determination with respect to whom they believed with respect to the issue of who possessed the firearm on the night in question.

Overall, the Michigan Court of Appeals determination that this claim fails was neither unreasonable based on the facts or contrary to Supreme Court precedent. Petitioner is therefore not entitled to habeas relief on his sufficiency of the evidence claim.

## B.  Against the Great Weight of the Evidence

Petitioner's great weight of the evidence claim also fails.  A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence.  Cukaj v. Warren, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); Dell v. Straub, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); see also Artis v. Collins, 14 Fed. Appx. 387 (6th Cir. 2001).  A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes,

unless the record is so devoid of evidentiary support that a due process issue is raised. Cukaj, 305 F. Supp. 2d at 796; see also Crenshaw v. Renico, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003).  The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. Dell, 194 F. Supp. 2d at 648.  As long as there is sufficient evidence to convict petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief.  Id.

Here, as explained above, there was sufficient evidence to convict Petitioner. Therefore, his claim that the verdict was against the great weight of the evidence does not entitle him to relief.

### C.  Inconsistent Verdict

Petitioner claims that the verdict was inconsistent because he was acquitted of a carrying a concealed weapon charge.  Inconsistency in a verdict, however, is not a sufficient reason for setting a verdict aside.  Harris v. Rivera, 454 U.S. 339, 345 (1981); see also Mapes v. Coyle, 171 F. 3d 408, 419-20 (6th Cir. 1999).  The possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest."  United States v. Powell, 469 U.S. 57, 65 (1984).

Moreover, the verdict was not inconsistent.  As the Michigan Court of Appeals noted, the prosecutor did not prove that petitioner concealed the firearm, in light of Officer Craig's testimony that he could not see how, where, or even if petitioner removed the gun from his clothing.  Concealment is considered an essential element of the offense of carrying a concealed weapon.  See People v. Jackson, 43 Mich. App.

10

569, 571; 204 N.W. 2d 367 (1972).  Because it is possible that petitioner did not

conceal the weapon while possessing it, the jury's decision to acquit petitioner of the

carrying a concealed weapon charge was not inconsistent with the decision to find him

guilty of the felon in possession of a firearm and felony-firearm charges.  Petitioner is

not entitled to habeas relief on this basis.

### D.  Ineffective Assistance of Counsel

Finally, petitioner claims that trial counsel was ineffective.  Specifically, petitioner

says that trial counsel should not have agreed to the trial court's instruction on the

concept of constructive possession because the trial court used the jury instruction for

constructive possession for controlled substances offenses, as opposed to the

constructive possession instruction for firearms offenses.

### 1.  The Law

To show that he was denied the effective assistance of counsel under federal

constitutional standards, petitioner must satisfy a two prong test.  First, petitioner must

demonstrate that, considering all of the circumstances, counsel's performance was so

deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth

Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Second, petitioner

must show that such performance prejudiced his defense.  Id.  To demonstrate

prejudice, petitioner must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been

different." Strickland, 466 U.S. at 694.

More importantly, on habeas review, "the question 'is not whether a federal court

believes the state court's determination' under the Strickland standard 'was incorrect

11

2:13-cv-11084-AC-MKM   Doc # 9   Filed 11/13/13   Pg 12 of 15   Pg ID 655

but whether that determination was unreasonable-a substantially higher threshold.'"

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)(quoting Schriro v. Landrigan, 550

U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of

the Strickland standard was unreasonable.  This is different from asking whether

defense counsel's performance fell below Strickland's standard." Harrington v. Richter,

131 S. Ct. at 785.  Indeed, "because the Strickland standard is a general standard, a

state court has even more latitude to reasonably determine that a defendant has not

satisfied that standard."  Knowles, 556 U.S. at 123 (citing Yarborough v. Alvarado, 541

U.S. at 664).  Under § 2254(d)(1) standard, a "doubly deferential judicial review"

applies to a Strickland claim brought by a habeas petitioner. Id.  This means that on

habeas review of a state court conviction, "[A] state court must be granted a deference

and latitude that are not in operation when the case involves review under the

Strickland standard itself."Harrington, 131 S. Ct. at 785.  "Surmounting Strickland's

high bar is never an easy task." Id. at 788 (quoting Padilla v. Kentucky, 130 S. Ct.

1473, 1485 (2010)).

        Because of this doubly deferential standard, the Supreme Court has indicated

that:

>        Federal habeas courts must guard against the danger of equating
>        unreasonableness under Strickland with unreasonableness under § 2254(d).
>        When § 2254(d) applies, the question is not whether counsel' s actions were
>        reasonable.  The question is whether there is any reasonable argument that
>        counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. at 788.

        In addition, a reviewing court must not merely give defense counsel the benefit

of the doubt, but must also affirmatively entertain the range of possible reasons that

12

counsel may have had for proceeding as he or she did.  Cullen v. Pinholster, 131 S. Ct.

1388, 1407 (2011).

## 2.  The Michigan Court of Appeals' Decision

The Michigan Court of Appeals rejected petitioner's claim, explaining:

Defense counsel's stipulation to the jury instruction was error. "[C]onstructive possession of a firearm for use in connection with a felony is not analogous to constructive possession of drugs."  The jury instruction that the trial judge read to the jury is specific to controlled substance offenses. See CJI2d 12.7.  The jury instruction the trial court read to the jury describes constructive possession as:

> [T]he person had a right to control the thing, even though it is in a different room, or place.... It is not enough if the defendant merely knew about the gun.  The defendant possessed the gun only if he had control of it, or the right to control it, either alone or together with someone else.

Case law states that constructive possession of a firearm exists when "the location of the weapon is known and it is reasonably accessible to the defendant."  Therefore, constructive possession has a broader scope in the controlled substances context, and it was error for defense counsel to stipulate to the instruction.

Although error, defense counsel's failure to object to the jury instruction does not fall below an objectively reasonable standard.  The terms in the two standards are slightly different; however, the instruction conveyed the meaning of constructive possession to the jury.  The difference between controlled substance constructive possession and firearm constructive possession is essentially distance from the contraband.  Firearm constructive possession requires the possessor to be in a place where the firearm is reasonably accessible to the defendant.  On the other hand, a person can be in constructive possession of a controlled substance even if he is not in the same room as the contraband. CJI2d 12.7.  In this case, defendant was not far away from the gun when it was found.  Therefore, the distinction between the two standards is less important.  The jury would not have been confused or misled by the instruction that defendant could be in a different room or place from the gun, given the circumstances of the case before it.

In any event, defense counsel's stipulation to the jury instruction was not outcome-determinative error.  On the facts of this case, the jury could easily have concluded that defendant had actual possession of the weapon.

13

> Officer Craig testified that he saw defendant toss an object, and Officer Belew found a handgun in the area where defendant allegedly tossed the object. Officer Craig confidently identified defendant as the individual who threw the object. Cody testified that he had the gun, and that defendant did not know he had the gun. However, given defendant's conviction, it is a certainty that the jury did not believe Cody's version of events. The jury would have convicted defendant based on actual possession, even if defense counsel had insisted on the proper definition of constructive possession of a firearm. Therefore, defense counsel was not ineffective.

Bridges, Slip. Op. at 3-4 (internal citations and quotations omitted).

### 3. Analysis of Petitioner's Claim

Petitioner's ineffective assistance of counsel claim fails for two reasons. First, although the concept of constructive possession is broader for controlled substances offenses than it is for firearms offenses, the instruction that was given concerning constructive possession, although imperfect, adequately conveyed the concept of constructive possession to the jurors, because under the facts of this case, petitioner was not far from the gun and had reasonable access to it. This was not a case where the jurors could have been misled into thinking that they could convict petitioner of constructively possessing the firearm even if he was in a different room or place than the firearm. Because the instruction as given adequately conveyed the concept of constructive possession, trial counsel's failure to object was not objectively unreasonable, and petitioner cannot show that a different instruction would likely have changed the outcome of his trial as to entitle him to habeas relief on his claim. The court of appeals' similar conclusion is not unreasonable or contrary to Strickland.

Second, even if the instruction was erroneous, petitioner was not prejudiced by counsel's failure to object in light of the fact that Officer Craig's testimony that he saw petitioner discard an object in the location where the firearm was recovered established

14

that petitioner had actual possession of the firearm. See <u>Dawson v. U.S.</u>, 702 F.3d 347, 349-50 (6th Cir. 2012). Petitioner is therefore not entitled to habeas relief on his ineffective assistance of counsel claim.

### VI. Conclusion

For the reasons stated above, the Michigan courts rejection of petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

s/Avern Cohn
United States District Judge

Date: November 13, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 13, 2013, by electronic and/or ordinary mail.

S/Carol Bethel for Sakne Chami
Case Manager, (313)234-5160

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.